COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-024-CR

        2-06-025-CR

        2-06-026-CR

JERIMAH DAVID JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point, appellant Jerimah David Jones a/k/a Jeriham David Jones
(footnote: 2) appeals the denial of his motions to suppress in each case and seeks a reversal of his three convictions for possession of a controlled substance with intent to deliver.
(footnote: 3)  We affirm.

BACKGROUND

At the suppression hearing, Arlington Police Officer Philip Alvarez testified that around 1:40 a.m. in November 2004, he, four other officers, and a sergeant, were on patrol in response to recent neighborhood complaints about vehicle burglaries.  Officer Alvarez, in uniform, patrolled in his marked vehicle.  He testified that one of the other officers, in plain clothes and an unmarked vehicle, informed him that there was a vehicle parked in the area with two subjects sitting inside and that they were potential burglars.

Officer Alvarez testified that the vehicle at issue was “sitting near a driveway or on a driveway facing a house,” but not parked all the way inside of the driveway—the vehicle’s rear was slightly in the street and the vehicle itself was completely obstructing the sidewalk.  He testified that obstructing a sidewalk is a violation of an Arlington city ordinance and a ticketable offense.
(footnote: 4)  He also testified that when he approached the vehicle, his intention “was to make contact with them to find out what they [were] doing in their car and to look for any burglary tools, screwdrivers, crowbars, what have you, and to make sure they [were] not up to anything.”  He shined his vehicle’s spotlight on Appellant’s vehicle and began to approach the driver’s side door.

Officer Alvarez testified that Appellant was in the driver’s seat, with the window rolled down.  He testified that when he was around five feet away from Appellant’s vehicle, he saw Appellant start to put his right hand into a black bag in his lap and that this made him concerned because he “was uncertain as to whether [Appellant] had a weapon inside of his bag, which was pretty good sized and able to hold at least a pistol inside.”  He ordered Appellant to remove his hand from the bag and to place both his hands on the steering wheel and told the passenger to put his hands on the dashboard.

Officer Alvarez testified that when he reached the vehicle’s window, he smelled burning marijuana and that there was a little cloud of smoke inside the car.  He used his flashlight to illuminate the vehicle’s interior and saw a “pretty good sized” plastic bag full of a green, leafy substance that he identified as marijuana on the passenger-side floorboard and a pistol with a laser sight device on the console between the driver and passenger seats.  He then ordered Appellant to exit the vehicle and placed him in handcuffs.
(footnote: 5)  In the search incident to arrest, Officer Alvarez discovered approximately $11,000 and the controlled substances in Appellant’s black bag.
(footnote: 6)
 The Arlington city ordinance at issue is section 6.01, “Obstructing,” in the “Streets and Sidewalks” chapter of the Arlington Code:

No person shall willfully obstruct or injure, or cause to be obstructed or injured in any manner whatsoever, any public sidewalk, median, curb, shoulder, improved shoulder, street, highway, roadway or public right-of-way in the City; provided, however, that the parking of motor vehicles in compliance with the ordinances of the City of Arlington shall not be construed to be an obstruction. 

Arlington, Tex., Code,
 Streets and Sidewalks,
 
§ 6.01 (2005), 
available at 
http://www.amlegal.com/nxt/gateway.dll/Texas/arlington/streetsandsidewalks?fn=altmain-nf.htm$f=templates$3.0.  A violation of any provision of the Streets and Sidewalks chapter is a misdemeanor offense punishable by a fine. 
Id
. § 16.01.

The trial court denied Appellant’s motion to suppress, stating:

I don’t think there is any question from the testimony I heard that there wasn’t any reasonable suspicion to approach the vehicle for investigation of burglary, which is basically what the officers were doing that night; but there was reason to [approach] because of the ordinance violation.[
(footnote: 7)]  And we can argue whether the conduct was willful or not, but that’s certainly one of the things that an officer can approach to further investigate.  I don’t think there was any connection either, between the order of the officer to remove the hand from the bag and a finding of contraband.

At trial, the jury convicted Appellant of all three offenses and found that a deadly weapon was used.  They assessed five years’ confinement for the methamphetamine and cocaine charges and a ten-year suspended sentence on the ecstasy charge.  The trial court sentenced Appellant accordingly and placed him on eight years’ community supervision for the suspended ecstasy sentence.

MOTION TO SUPPRESS

Appellant argues that the trial court erred when it overruled his motion to suppress, claiming that the evidence used to prosecute him was discovered as a result of an unreasonable detention.

Standard Of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the record is silent on the reasons for the trial court’s ruling, or when, as here, there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.  
Id
.  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.  
Id
.  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

Fourth Amendment
 

The Fourth Amendment protects against unreasonable searches and seizures.  
U.S. Const
. amend. IV.  To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.  
Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); 
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.  
Torres
, 182 S.W.3d at 902; 
Ford
, 158 S.W.3d at 492.  Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.  
Torres
, 182 S.W.3d at 902; 
Ford
, 158 S.W.3d at 492.  The State conceded at the suppression hearing that the search was warrantless.

Both Appellant and the State agree that there is an ordinance in the City of Arlington that prohibits the obstruction of any public sidewalk.  But Appellant argues that his vehicle was parked, that the ordinance makes an exception for the parking of motor vehicles, and that, therefore, Officer Alvarez was incorrect in his assumption that Appellant was committing a criminal violation in his presence and could not have had the reasonable suspicion necessary to detain him by ordering him to remove his hand from the bag and place both hands on the steering wheel.

Arlington’s Sidewalk Ordinance

Appellant contends that the ordinance “clearly makes an exception for the parking of motor vehicles.”  We use the rules of statutory construction to construe municipal ordinances.  
See Taylor v. State
, 117 S.W.3d 848, 850 (Tex. Crim. App. 2003).  When interpreting an ordinance, we read words and phrases in context and construe them according to the rules of grammar and common usage.  
See
 
Tex. Govt. Code Ann
. § 311.011(a) (Vernon 2005).  The starting point in an analysis of the meaning of an ordinance is the language of the ordinance itself, and when that language is unambiguous, we must give effect to the plain meaning of the words unless doing so would lead to absurd results.  
See State v. Hardy
, 963 S.W.2d 516, 519 (Tex. Crim. App. 1997).  Ordinances that are in pari materia, that is, of the same subject matter, are to be construed together, with any conflict between their provisions harmonized, if possible, and effect given to all the provisions of each if they can be made to stand together and have concurrent efficacy.  
See Burke v. State
, 28 S.W.3d 545, 546 (Tex. Crim. App. 2000).

Section 6.01 prohibits the willful obstruction of any public sidewalk, median, curb, shoulder, improved shoulder, street, highway, roadway, or public right-of-way and then adds that parking a vehicle “in compliance with the [city’s] ordinances” shall not be construed as an obstruction.  
Arlington, Tex., Code
, Streets and Sidewalks, § 6.01.  The ordinance’s plain language indicates that by obstructing the sidewalk, Appellant provided a basis for Officer Alvarez to investigate whether such obstruction was willful, as long as Appellant was not parked in compliance with city ordinances.  
See id.

Article V of the Arlington code’s chapter on traffic and motor vehicles, “General Parking Requirements,” addresses prohibitions on double parking, parking in fire lanes, and parking on roadways.  
See id.
, Traffic and Motor Vehicles, §§ 5.01, 5.04, 5.12.  It prohibits parking on a median and unlawful parking in spaces designated for the disabled, cites the required parking distance from curbs, and lists exceptions to some parking requirements, such as allowing parking within three feet of the curved portion of a driveway with consent of the property owner and within fifteen feet of a fire hydrant when momentarily picking up or discharging a passenger.  
See id.
, §§ 5.06, 5.09, 5.12-.13, 5.32.  Section 5.02, “Obstructions from Parked Vehicles,” prohibits any person from causing his vehicle “to be stopped or parked upon or adjacent to a public street or alley so that any portion of the vehicle, including but not limited to any objects carried in or upon said vehicle, protrude into the main-traveled portion of said street or alley.”  
Id
., § 5.02.

Interpreting section 6.01 with article V’s general parking requirements, there are no exceptions to section 6.01 for obstruction of medians, but some leeway for curbs and roadways.  
Id.
 §§ 5.06, 5.12.  The parking ordinances in the “General Parking Requirements” make no mention of parking on sidewalks.
(footnote: 8)  This leaves us with the plain language of section 6.01, prohibiting the willful obstruction of the sidewalk, without any applicable parking exception. 
 See id.
, Streets and Sidewalks,
 
§ 6.01; 
Hardy
, 963 S.W.2d at 519.

Reasonable Suspicion

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law.  
Ford
, 158 S.W.3d at 492.  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id
. at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id
.  at 492.

Officer Alvarez and Appellant both testified that Appellant’s vehicle at least partially, if not entirely, obstructed the sidewalk.  Because the ordinance at issue states that “no person shall willfully obstruct . . . any public sidewalk . . . in the City,” we agree with the trial court’s legal conclusion that the obstruction gave Officer Alvarez the specific, articulable fact needed to approach Appellant, and to investigate whether Appellant was obstructing the sidewalk “willfully.”  
Arlington, Tex., Code, 
Streets and Sidewalks, § 6.01; 
Ford
, 158 S.W.3d at 492; 
see also Terry
, 392 U.S. at 21, 88 S. Ct. at 1880 (stating that circumstances short of probable cause may justify a brief detention for investigative purposes).

Once a valid traffic stop is made, officers are entitled to take sufficient measures to guarantee their safety.  
See Goodwin v. State
, 799 S.W.2d 719, 727 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
superseded on other grounds
 
by Long v. State
, 823 S.W.2d 259, 272 (Tex. Crim. App. 1991); 
see also Terry
, 392 U.S. at 27, 88 S. Ct. at 1883 (stating that during the course of a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for his safety); 
Ramirez v. State
, 672 S.W.2d 480, 482 (Tex. Crim. App. 1984) (same).  Officer Alvarez testified that as he approached Appellant’s vehicle, he saw Appellant start to put his right hand into the black bag on his lap and that he became concerned that Appellant might have a weapon.  Although Appellant may not have been “stopped” in the traditional sense, Appellant testified that when Officer Alvarez began his approach, “he said, like[,] stop[,] and put a spotlight on me.”
(footnote: 9)  When Officer Alvarez approached Appellant’s parked car and saw Appellant’s hand movement, he was entitled to take sufficient measures to protect himself.  
See Goodwin
, 799 S.W.2d at 727
.

When Officer Alvarez subsequently smelled burning marijuana and saw a plastic bag of what appeared to be marijuana, he had the authority to arrest Appellant for committing an offense in his presence.  
See
 
Tex. Code Crim. Proc. Ann
. art. 14.01(b) (Vernon 2005).  Because Officer Alvarez had reasonable suspicion to approach Appellant about the sidewalk obstruction, and the right to protect himself when he saw what he perceived as a dangerous movement, the trial court did not err by denying Appellant’s motions to suppress.  
See Armendariz
, 123 S.W.3d at 404.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the judgments of the trial court.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: 
 April 26, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The judgments in cause nos. 2-06-025-CR and 2-06-026-CR list the defendant as Jerimah David Jones a/k/a Jeriham David Jones.  The judgment in cause no. 2-06-024-CR only lists Jerimah David Jones.

3:
Appellant was convicted of possessing, with intent to deliver, methamphetamine, more than four but less than two hundred grams, methylenedioxy methamphetamine (“ecstasy”), more than one but less than four grams, and cocaine, more than four but less than two hundred grams.  
See
 
Tex. Health & Safety Code Ann
. § 481.112(a) (Vernon 2003).  All three convictions included a deadly weapon finding.

4:
Officer Alvarez testified that he could not recall whether he gave Appellant a ticket for the sidewalk obstruction offense.  On cross-examination, Appellant’s attorney asked, “Now you weren’t really investigating obstructing a sidewalk at [the point that Alvarez told Appellant to put his hands on the steering wheel], were you?”  Officer Alvarez responded that he was, because that was the violation he observed, even though he was in the neighborhood on a burglary detail.

5:
When asked whether there was any other conversation with Appellant between telling Appellant to remove his hand from the bag and seeing the marijuana and the gun, Officer Alvarez said, “no.”  He testified that everything happened very quickly, with no time to investigate parking violations, burglaries, or anything else.  He testified that after placing Appellant in handcuffs, he considered Appellant under arrest.

6:
Appellant testified that his car was not blocking the sidewalk, that his bumper “was kind of barely over the sidewalk,” and that it was still passable.  His exact words, when asked if someone could still walk across the sidewalk, were, “Yeah, they could squeeze by.  They’d have to be pretty big not to.”  He also testified that there was no investigation prior to being forcibly removed from the vehicle by Officer Alvarez and handcuffed, that he and his companion were not smoking marijuana that night, and that there was no marijuana in plain view.  He testified that Officer Alvarez informed Appellant that his vehicle was obstructing the sidewalk in response to Appellant’s query regarding “what reason they had to run up on [him] in the first place.”

7:
Other than by inference, there is nothing in the record to indicate that the trial court took judicial notice of the ordinance.  We have taken judicial notice of the ordinance under rule 204 at Appellant’s request.  
See 
Tex. R. Evid
. 204.

8:
We think it fair to conclude that Arlington did not create another ordinance in its “General Parking Requirements” article to address any general parking requirements with regard to public sidewalks because it did not anticipate that parking would generally occur on public sidewalks.  We note that the transportation code prohibits parking a vehicle on a sidewalk.  
See
 
Tex. Transp. Code Ann
. § 545.302(a)(2) (Vernon Supp. 2006).

9:
Appellant also argues, “At the very least, Alvarez’[s] order to [Appellant] to place his hands on the steering wheel must be considered an investigative detention.”