COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
2-06-024-CR

       2-06-025-CR

       2-06-026-CR

 

 

JERIMAH DAVID JONES                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In one point, appellant
Jerimah David Jones a/k/a Jeriham David Jones[2]
appeals the denial of his motions to suppress in each case and seeks a reversal
of his three convictions for possession of a controlled substance with intent
to deliver.[3]  We affirm.

BACKGROUND

At the suppression hearing,
Arlington Police Officer Philip Alvarez testified that around 1:40 a.m. in
November 2004, he, four other officers, and a sergeant, were on patrol in
response to recent neighborhood complaints about vehicle burglaries.  Officer Alvarez, in uniform, patrolled in his
marked vehicle.  He testified that one of
the other officers, in plain clothes and an unmarked vehicle, informed him that
there was a vehicle parked in the area with two subjects sitting inside and
that they were potential burglars.








Officer Alvarez testified
that the vehicle at issue was Asitting near a driveway or on a driveway facing a house,@ but not parked all the way inside of the drivewayCthe vehicle=s rear was
slightly in the street and the vehicle itself was completely obstructing the
sidewalk.  He testified that obstructing
a sidewalk is a violation of an Arlington city ordinance and a ticketable offense.[4]  He also testified that when he approached the
vehicle, his intention Awas to make
contact with them to find out what they [were] doing in their car and to look
for any burglary tools, screwdrivers, crowbars, what have you, and to make sure
they [were] not up to anything.@  He shined his vehicle=s spotlight on Appellant=s vehicle and began to approach the driver=s side door.

Officer Alvarez testified
that Appellant was in the driver=s seat, with the window rolled down. 
He testified that when he was around five feet away from Appellant=s vehicle, he saw Appellant start to put his right hand into a black
bag in his lap and that this made him concerned because he Awas uncertain as to whether [Appellant] had a weapon inside of his
bag, which was pretty good sized and able to hold at least a pistol inside.@  He ordered Appellant to remove
his hand from the bag and to place both his hands on the steering wheel and
told the passenger to put his hands on the dashboard.








Officer Alvarez testified
that when he reached the vehicle=s window, he smelled burning marijuana and that there was a little
cloud of smoke inside the car.  He used
his flashlight to illuminate the vehicle=s interior and saw a Apretty good sized@ plastic bag full of a green, leafy substance that he identified as
marijuana on the passenger-side floorboard and a pistol with a laser sight
device on the console between the driver and passenger seats.  He then ordered Appellant to exit the vehicle
and placed him in handcuffs.[5]  In the search incident to arrest, Officer
Alvarez discovered approximately $11,000 and the controlled substances in
Appellant=s black bag.[6]








The Arlington city ordinance
at issue is section 6.01, AObstructing,@ in the AStreets and Sidewalks@ chapter of the Arlington Code:

No person shall willfully
obstruct or injure, or cause to be obstructed or injured in any manner
whatsoever, any public sidewalk, median, curb, shoulder, improved shoulder,
street, highway, roadway or public right‑of‑way in the City;
provided, however, that the parking of motor vehicles in compliance with the
ordinances of the City of Arlington shall not be construed to be an
obstruction. 

Arlington, Tex., Code, Streets and Sidewalks, ' 6.01 (2005), available at http://www.amlegal.com/nxt/gateway.dll/Texas/arlington/streetsandsidewalks?fn=altmain‑nf.htm$f=templates$3.0.  A violation of any provision of the Streets
and Sidewalks chapter is a misdemeanor offense punishable by a fine. Id.
' 16.01.

The trial court denied
Appellant=s motion to
suppress, stating:

I don=t
think there is any question from the testimony I heard that there wasn=t any
reasonable suspicion to approach the vehicle for investigation of burglary,
which is basically what the officers were doing that night; but there was
reason to [approach] because of the ordinance violation.[[7]]  And we can argue whether the conduct was
willful or not, but that=s
certainly one of the things that an officer can approach to further
investigate.  I don=t
think there was any connection either, between the order of the officer to
remove the hand from the bag and a finding of contraband.








At trial, the jury convicted Appellant of all
three offenses and found that a deadly weapon was used.  They assessed five years= confinement for the methamphetamine and cocaine charges and a
ten-year suspended sentence on the ecstasy charge.  The trial court sentenced Appellant
accordingly and placed him on eight years= community supervision for the suspended ecstasy sentence.

MOTION TO SUPPRESS

Appellant argues that the
trial court erred when it overruled his motion to suppress, claiming that the
evidence used to prosecute him was discovered as a result of an unreasonable
detention.

Standard Of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Montanez v. State, 195 S.W.3d 101, 108‑09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006). 
When the record is silent on the reasons for the trial court=s ruling, or when, as here, there are no explicit fact findings and
neither party timely requested findings and conclusions from the trial court,
we imply the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.  We then review the trial court=s legal ruling de novo unless the implied fact findings supported by
the record are also dispositive of the legal ruling.  Id. 
We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.

Fourth Amendment      

The Fourth Amendment protects
against unreasonable searches and seizures. 
U.S. Const. amend.
IV.  To suppress evidence because of an
alleged Fourth Amendment violation, the defendant bears the initial burden of
producing evidence that rebuts the presumption of proper police conduct.  Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim.
App. 2005).  A defendant satisfies this
burden by establishing that a search or seizure occurred without a
warrant.  Torres, 182 S.W.3d at
902; Ford, 158 S.W.3d at 492. 
Once the defendant has made this showing, the burden of proof shifts to
the State, which is then required to establish that the search or seizure was
conducted pursuant to a warrant or was reasonable.  Torres, 182 S.W.3d at 902; Ford,
158 S.W.3d at 492.  The State conceded at
the suppression hearing that the search was warrantless.








Both Appellant and the State
agree that there is an ordinance in the City of Arlington that prohibits the
obstruction of any public sidewalk.  But
Appellant argues that his vehicle was parked, that the ordinance makes an
exception for the parking of motor vehicles, and that, therefore, Officer
Alvarez was incorrect in his assumption that Appellant was committing a
criminal violation in his presence and could not have had the reasonable
suspicion necessary to detain him by ordering him to remove his hand from the
bag and place both hands on the steering wheel.

Arlington=s Sidewalk Ordinance








Appellant contends that the
ordinance Aclearly
makes an exception for the parking of motor vehicles.@  We use the rules of statutory
construction to construe municipal ordinances. 
See Taylor v. State, 117 S.W.3d 848, 850 (Tex. Crim. App.
2003).  When interpreting an ordinance,
we read words and phrases in context and construe them according to the rules
of grammar and common usage.  See Tex. Govt. Code Ann. ' 311.011(a) (Vernon 2005).  The
starting point in an analysis of the meaning of an ordinance is the language of
the ordinance itself, and when that language is unambiguous, we must give
effect to the plain meaning of the words unless doing so would lead to absurd
results.  See State v. Hardy, 963
S.W.2d 516, 519 (Tex. Crim. App. 1997). 
Ordinances that are in pari materia, that is, of the same subject
matter, are to be construed together, with any conflict between their
provisions harmonized, if possible, and effect given to all the provisions of
each if they can be made to stand together and have concurrent efficacy.  See Burke v. State, 28 S.W.3d 545, 546
(Tex. Crim. App. 2000).

Section 6.01 prohibits the
willful obstruction of any public sidewalk, median, curb, shoulder, improved
shoulder, street, highway, roadway, or public right-of-way and then adds that
parking a vehicle Ain
compliance with the [city=s]
ordinances@ shall not
be construed as an obstruction.  Arlington, Tex., Code, Streets and
Sidewalks, ' 6.01.  The ordinance=s plain language indicates that by obstructing the sidewalk, Appellant
provided a basis for Officer Alvarez to investigate whether such obstruction
was willful, as long as Appellant was not parked in compliance with city
ordinances.  See id.








Article V of the Arlington
code=s chapter on traffic and motor vehicles, AGeneral Parking Requirements,@ addresses prohibitions on double parking, parking in fire lanes, and
parking on roadways.  See id., Traffic
and Motor Vehicles, '' 5.01, 5.04,
5.12.  It prohibits parking on a median
and unlawful parking in spaces designated for the disabled, cites the required
parking distance from curbs, and lists exceptions to some parking requirements,
such as allowing parking within three feet of the curved portion of a driveway
with consent of the property owner and within fifteen feet of a fire hydrant
when momentarily picking up or discharging a passenger.  See id., '' 5.06, 5.09, 5.12-.13, 5.32. 
Section 5.02, AObstructions
from Parked Vehicles,@ prohibits
any person from causing his vehicle Ato be stopped or parked upon or adjacent to a public street or alley
so that any portion of the vehicle, including but not limited to any objects
carried in or upon said vehicle, protrude into the main‑traveled portion
of said street or alley.@  Id., ' 5.02.

Interpreting section 6.01
with article V=s general
parking requirements, there are no exceptions to section 6.01 for obstruction
of medians, but some leeway for curbs and roadways.  Id. '' 5.06, 5.12.  The parking
ordinances in the AGeneral
Parking Requirements@ make no
mention of parking on sidewalks.[8]  This leaves us with the plain language of
section 6.01, prohibiting the willful obstruction of the sidewalk, without any
applicable parking exception.  See id.,
Streets and Sidewalks, ' 6.01; Hardy, 963 S.W.2d at 519.

Reasonable Suspicion








A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche, 10 S.W.3d at 328.  An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.  Ford, 158
S.W.3d at 492.  Reasonable suspicion
exists when, based on the totality of the circumstances, the officer has
specific, articulable facts that when combined with rational inferences from
those facts, would lead him to reasonably conclude that a particular person is,
has been, or soon will be engaged in criminal activity.  Id. at 492‑93.  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id.  at 492.

Officer Alvarez and Appellant
both testified that Appellant=s vehicle at least partially, if not entirely, obstructed the
sidewalk.  Because the ordinance at issue
states that Ano person
shall willfully obstruct . . . any public sidewalk . . . in the City,@ we agree with the trial court=s legal conclusion that the obstruction gave Officer Alvarez the
specific, articulable fact needed to approach Appellant, and to investigate
whether Appellant was obstructing the sidewalk Awillfully.@  Arlington,
Tex., Code, Streets and Sidewalks, ' 6.01; Ford, 158 S.W.3d at 492; see also Terry, 392 U.S.
at 21, 88 S. Ct. at 1880 (stating that circumstances short of probable cause
may justify a brief detention for investigative purposes).








Once a valid traffic stop is
made, officers are entitled to take sufficient measures to guarantee their
safety.  See Goodwin v. State, 799
S.W.2d 719, 727 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259
(1991), superseded on other grounds by Long v. State, 823 S.W.2d
259, 272 (Tex. Crim. App. 1991); see also Terry, 392 U.S. at 27, 88 S.
Ct. at 1883 (stating that during the course of a temporary detention, an
officer may conduct a limited search for weapons where it is reasonably
warranted for his safety); Ramirez v. State, 672 S.W.2d 480, 482 (Tex.
Crim. App. 1984) (same).  Officer Alvarez
testified that as he approached Appellant=s vehicle, he saw Appellant start to put his right hand into the black
bag on his lap and that he became concerned that Appellant might have a
weapon.  Although Appellant may not have
been Astopped@ in the
traditional sense, Appellant testified that when Officer Alvarez began his
approach, Ahe said,
like[,] stop[,] and put a spotlight on me.@[9]  When Officer Alvarez
approached Appellant=s parked car
and saw Appellant=s hand
movement, he was entitled to take sufficient measures to protect himself.  See Goodwin, 799 S.W.2d at 727.








When Officer Alvarez
subsequently smelled burning marijuana and saw a plastic bag of what appeared
to be marijuana, he had the authority to arrest Appellant for committing an
offense in his presence.  See Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).  Because Officer
Alvarez had reasonable suspicion to approach Appellant about the sidewalk
obstruction, and the right to protect himself when he saw what he perceived as
a dangerous movement, the trial court did not err by denying Appellant=s motions to suppress.  See
Armendariz, 123 S.W.3d at 404.  We
overrule Appellant=s sole
point.

                                           CONCLUSION

Having overruled Appellant=s sole point, we affirm the judgments of the trial court.

 

PER CURIAM

 

 

PANEL
F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY,
J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 26, 2007











[1]See Tex. R. App. P. 47.4.





[2]The
judgments in cause nos. 2-06-025-CR and 2-06-026-CR list the defendant as
Jerimah David Jones a/k/a Jeriham David Jones. 
The judgment in cause no. 2-06-024-CR only lists Jerimah David Jones.





[3]Appellant
was convicted of possessing, with intent to deliver, methamphetamine, more than
four but less than two hundred grams, methylenedioxy methamphetamine (Aecstasy@),
more than one but less than four grams, and cocaine, more than four but less
than two hundred grams.  See Tex. Health & Safety Code Ann. '
481.112(a) (Vernon 2003).  All three
convictions included a deadly weapon finding.





[4]Officer
Alvarez testified that he could not recall whether he gave Appellant a ticket
for the sidewalk obstruction offense.  On
cross-examination, Appellant=s attorney asked, ANow
you weren=t
really investigating obstructing a sidewalk at [the point that Alvarez told
Appellant to put his hands on the steering wheel], were you?@  Officer Alvarez responded that he was,
because that was the violation he observed, even though he was in the
neighborhood on a burglary detail.





[5]When
asked whether there was any other conversation with Appellant between telling
Appellant to remove his hand from the bag and seeing the marijuana and the gun,
Officer Alvarez said, Ano.@  He testified that everything happened very
quickly, with no time to investigate parking violations, burglaries, or
anything else.  He testified that after
placing Appellant in handcuffs, he considered Appellant under arrest.





[6]Appellant
testified that his car was not blocking the sidewalk, that his bumper Awas
kind of barely over the sidewalk,@ and that it was still
passable.  His exact words, when asked if
someone could still walk across the sidewalk, were, AYeah,
they could squeeze by.  They=d
have to be pretty big not to.@  He also testified that there was no
investigation prior to being forcibly removed from the vehicle by Officer
Alvarez and handcuffed, that he and his companion were not smoking marijuana
that night, and that there was no marijuana in plain view.  He testified that Officer Alvarez informed
Appellant that his vehicle was obstructing the sidewalk in response to
Appellant=s
query regarding Awhat
reason they had to run up on [him] in the first place.@





[7]Other
than by inference, there is nothing in the record to indicate that the trial
court took judicial notice of the ordinance. 
We have taken judicial notice of the ordinance under rule 204 at
Appellant=s
request.  See Tex. R. Evid. 204.





[8]We
think it fair to conclude that Arlington did not create another ordinance in
its AGeneral
Parking Requirements@
article to address any general parking requirements with regard to public
sidewalks because it did not anticipate that parking would generally occur on
public sidewalks.  We note that the
transportation code prohibits parking a vehicle on a sidewalk.  See Tex.
Transp. Code Ann. '
545.302(a)(2) (Vernon Supp. 2006).





[9]Appellant
also argues, AAt
the very least, Alvarez=[s]
order to [Appellant] to place his hands on the steering wheel must be
considered an investigative detention.@