William Burney BURKE, Appellant,

v.

The STATE of Texas.

No. 014–00.

Court of Criminal Appeals of Texas.

Oct. 4, 2000.

Ward Casey, Fort Worth, for appellant.

Sylvia Mandel, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant was convicted of aggravated assault with serious bodily injury and intoxication assault. Punishment was assessed at fifteen and ten years confinement, to run concurrently.

The Court of Appeals concluded that reckless aggravated assault causing serious bodily injury and intoxication assault causing serious bodily injury are the "same offenses" when they both involve the same victim, and therefore imposing convictions for both offenses violated due process, due course of law and double jeopardy. *Burke v. State,* 6 S.W.3d 312, 316–17 (Tex.App.-Fort Worth 1999). The State argued that the proper remedy for a double jeopardy violation is to affirm the more serious conviction and punishment and vacate the less serious conviction and punishment. *Burke,* 6 S.W.3d at 317. The Court of Appeals pointed out that the cases relied upon by the State in support of its argument involved greater and lesser offenses, as opposed to general and specific statutory provisions.[1] The Court explained that when a double jeopardy violation arises from convictions of a greater and a lesser offense, it is presumed that the State, if faced with choosing just one, would choose the more serious offense carrying a greater sentence. But where the violation arises from convictions under a specific and a general provision, the Court viewed legislative intent as controlling:

> When ... the Legislature has carved out specific circumstances under which a specific statute governs, the Legislature has not created greater and lesser included offenses. Rather, the Legislature has determined the one statute that governs and has removed from the State the option of prosecuting for the general offense where the circumstances of the case establish *only* the specific offense. In this case, we are not faced with determining which offense the State would have chosen to prosecute.... The question before us is, instead, a matter of legislative intent.

*Id.* Based in part on the rule that in the case of an irreconcilable conflict between a general provision and a special provision, the special provision prevails, the Court of Appeals vacated appellant's conviction under the reckless aggravated assault statute and affirmed his conviction under the intoxication assault statute. *Id.* at 317–18 (citing TEX. GOV'T CODE § 311.026).

■■■ While the Court of Appeals did not identify it as such, the rule of statutory construction it relied upon has been termed *"pari materia:"*

> The rule of in pari materia is nothing more than a principle of statutory interpretation, a means of devining [sic] and giving full effect to legislative intent. Two statutes that are in pari materia are to be construed together, "each enactment in reference to the other, as though they were part of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." ... Furthermore:

> "General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the

---

1. The State relied upon *Landers v. State,* 957 S.W.2d 558 (Tex.Crim.App.1997) and *Ochoa v. State,* 982 S.W.2d 904 (Tex.Crim.App.1998).

same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling."

*Mills v. State,* 722 S.W.2d 411, 413–14 (Tex.Crim.App.1986).[2]

If the offenses at issue in the instant case are, in fact, in *pari materia,* then the Court of Appeals' remedy was appropriate.[3] If the offenses are not in *pari materia,* then that doctrine does not apply here and the Court of Appeals may have erred in its remedy. We granted review limited to the question of whether aggravated assault and intoxication assault are in *pari materia.*

■ Similarity of purpose or object is the most important factor in assessing whether two provisions are in *pari materia. Alejos v. State,* 555 S.W.2d 444, 450 (Tex.Crim.App.1977)(op. on reh'g). The two provisions must have been enacted with the same purpose in mind in order for the doctrine to apply. They must be "closely enough related to justify interpreting one in the light of the other." *Id.*

In *Alejos,* supra, the defendant was convicted of evading arrest under Penal Code § 38.04. On appeal, he claimed he should have been prosecuted under a more specific penal provision, article 6701d § 186, "fleeing or attempting to elude a police officer." *Id.* at 446 (op. on original submission). We held the two provisions were not in *pari materia* because "the two acts involved are contained in different legislative acts, have different elements of proof, different penalties and [were] obviously designed to serve different purposes and objectives." *Id.* at 449 (op. on reh'g). We noted that § 38.04 meshed well with other provisions of Chapter 38, all of which pertained to some type of arrest-related incident (resisting arrest, escape, facilitating escape, evading arrest). *Id.* at 448. The primary focus of Article 6701d, *Uniform Act Regulating Traffic on Highways,* was the safety and orderly regulation of traffic on Texas highways. Contrasting the two provisions we noted that one of the most significant features of § 38.04 was that the State prove the officer was attempting to make a lawful arrest, while article 6701d § 186 did not even contemplate an arrest or attempted arrest by the officer. We held the provisions were not in *pari materia* because "while the same subject is treated they are in different acts having different objects, intended to cover different situations and *were not apparently intended to be considered together." Id.* at 450–51 (emphasis added). Because the provisions were not in *pari materia,* the State had discretion as to which offense to prosecute.

In *Cheney v. State,* 755 S.W.2d 123, 127 (Tex.Crim.App.1988), the defendant obtained a bank loan to purchase some furniture, secured by a security agreement covering the furniture. However, the defendant did not use the loan proceeds to buy furniture and failed to repay the loan. The defendant was convicted of felony

---

2. The doctrine is codified in the Government Code:

    (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

    (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code § 311.026; *see Mills,* 722 S.W.2d at 414 (noting case law regarding doctrine of *pari materia* "echoes" Government Code section 311.026).

3. In the case of two statutes that are in *pari materia,* the State is required to prosecute under the specific provision. Thus, where the State has prosecuted under both the general and specific provisions and obtained convictions under both, the appropriate remedy is to affirm the conviction that the State should have prosecuted and vacate the other.

theft under Penal Code § 31.03, but claimed on appeal she should have been convicted under Penal Code § 32.32, the "false statement to obtain property or credit" provision. *Cheney,* 755 S.W.2d at 124. The Court of Appeals agreed, viewing § 31.03 as a general statute which subsumed § 32.32, a special statute. The appeals court concluded the defendant was entitled to be prosecuted under the statute which more particularly fit the facts presented in her case.

On discretionary review, we emphasized that *"the rule* [of pari materia] *is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."* *Id.* at 126 (emphasis in original). Comparing the two provisions, we noted that while they could both "conceivably cover the same general class of persons and property[,] ... [i]n object or purpose ... a clear and marked difference exists between the two provisions." *Id.* at 129. The gravamen of an offense under § 32.32 is the making of a false or misleading statement, while obtaining property or credit is not even a required element. By contrast, § 31.03 was intended to criminalize the unlawful acquisition of property. We held the provisions were not in *pari materia:*

> [The two provisions] are two different legislative acts having different elements of proof, different penalties and obviously designed to serve different purposes and objectives. Section 32.32, supra, proscribes the intentional or knowing making of materially false or deceptively misleading statements in order to obtain property or credit, while Section 31.03, supra, contemplates the actual wrongful appropriation of property. The key distinction between the offense of theft under ... Section 31.03, and the offense of making a false statement to obtain property or credit under Section 32.32, supra, is whether the perpetrator in fact receives any property. Receipt of property and proof of its value are critical factors in the offense of theft but are not

factors required to prove an offense under Section 32.32, supra. Sections 31.03 and 32.32, supra, are not in *pari materia.* It follows that Section 32.32 is not a "special" statute that encompasses *all* theft by false pretext type offenses. However, Section 32.32 may under some circumstances be a lesser included offense of theft when the State fails to prove that a defendant obtained property or fails to prove the value of such property.

*Id.* at 130 (citations omitted).

■ With these cases and principles in mind, we turn to the question presented in the instant case—whether aggravated assault and intoxication assault are in *pari materia.* Texas Penal Code § 22.02(a)(1) (Vernon 1994), *Aggravated Assault,* provides:

> A person commits an offense if the person commits assault as defined in Section 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault.

Assault is defined in § 22.01, in part, as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse." Tex. Penal Code § 22.01(a)(1) (Vernon 1994). Texas Penal Code § 49.07 (Vernon 1994), *Intoxication Assault,* provides:

> A person commits an offense if the person, by accident or mistake, while operating an aircraft, watercraft, or motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another.

While both sections share an identical element-that the defendant's actions cause serious bodily injury to another-they share nothing else. The two sections don't apply to the same class of people, were designed to serve different purposes, appear in different chapters of the Code, and were not apparently intended to be considered together.

Under § 22.02, nothing about the defendant matters with the exception of his mental state. He must have acted intentionally, knowingly, or recklessly. By contrast, an offense under § 49.07 is entirely dependent upon the defendant's status as an intoxicated driver, but his mental state is irrelevant. A showing of intoxication replaces a showing of mens rea under § 49.07. By specifying that the defendant's actions were "by accident or mistake," § 49.07 even further emphasizes the irrelevance of the defendant's mental state.

All of the offenses set forth in Chapter 49, *Intoxication and Alcoholic Beverage Offenses*, require a showing that the defendant was intoxicated in public or was intoxicated or consumed or possessed alcohol while operating some type of motor vehicle or equipment implicating public safety. TEX. PENAL CODE §§ 49.02 (public intoxication); 49.03 (consumption or possession of alcoholic beverage in motor vehicle); 49.04 (driving while intoxicated); 49.05 (flying while intoxicated); 49.06 (boating while intoxicated); 49.065 (assembling or operating amusement ride while intoxicated); 49.07 (intoxication assault); 49.08 (intoxication manslaughter). All of the offenses under Chapter 49 are strict liability offenses. TEX. PENAL CODE § 49.11 (proof of culpable mental state not required for conviction of offense under chapter 49). Chapter 49 is contained in Title 9 of the Penal Code, *Offenses Against the Public Order and Decency.* The focus of these provisions is the consumption of alcohol in connection with an activity that places others in danger. Chapter 22, *Assaultive Offenses*, appears in Title 5 of the Code, *Offenses Against the Person.* While certainly a defendant might have consumed alcohol while committing an offense against a person under Chapter 22, none of the provisions include any reference to alcohol. The focus of the Chapter 22 provisions is intentional, knowing or reckless infliction of harm to others. We hold that § 49.07 and § 22.02 are not in *pari materia.* While they could both conceivably cover the same general class of persons and the same result of conduct, "[i]n object or purpose … a clear and marked difference exists between the two provisions." *See Cheney,* 755 S.W.2d at 129. Moreover, there is no indication that the two provisions, directed at different classes of persons, one being a strict liability offense and the other requiring *mens rea,* were intended to be considered together. *Alejos,* 555 S.W.2d at 450–51.

Because these provisions are not in *pari materia,* not sharing a common purpose and not being intended to be construed together, it follows that one provision could not be considered controlling ·as to the other. Thus, the State had discretion as to which offense to prosecute. The judgment of the Court of Appeals is vacated and this cause is remanded to that court to re-consider the question of what remedy is appropriate.