Concurring Opinion on Denial of En Banc Rehearing filed February 5, 2004















Concurring
Opinion on Denial of En Banc Rehearing filed February 5, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-01-01251-CR

_______________

 

JAMES KEELIN WHITE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 885,259

__________________________________________________

 

C O N C U R R I N G   O P I N I O
N   O N  
D E N I A L   OF

E N   B A N C  
R E H E A R I N G

 

            Burying a total waiver of appeal in
the fine print of a guilty plea document and then having the defendant
affirmatively acknowledge an admonishment suggesting, to the contrary, that he
indeed has a limited right of appeal, is misleading.  To then penalize the defendant, who proposed
neither provision, and reward the State, for such a sloppy practice is
senseless and unjust.

            Wherever possible, courts construe
statutes,[1]
judgments,[2] jury
findings,[3] and
contracts[4] to
harmonize inconsistent provisions and give effect to all.  The guilty plea document and admonishment in
this case should be treated no differently. 
In that context, the admonishment did not affect the voluntariness
of the waiver of appeal, but merely its scope. 
Reading the two provisions together, they simply operate much the same
as Texas Rule of Appellate Procedure 25.2(a)(2), such
that the right to appeal is waived except as to matters either raised by
written pre-trial motion or for which the trial court gave its permission to
appeal.  

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Motion for Rehearing En Banc Denied; Concurring
Opinion on Denial of En Banc Rehearing filed February
 5, 2004; Chief Justice Hedges and Justices Hudson, Seymore, and Guzman would
grant rehearing en banc.

 

En Banc.

 

Publish — Tex. R. App. P. 47.2(b).

 

 











[1]           See Burke v. State, 28
S.W.3d 545, 546 (Tex. Crim.
App. 2000).





[2]           See Shanks v. Treadway, 110 S.W.3d 444, 447 (Tex. 2003).





[3]           See Gallick
v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 119 (1963).





[4]           See MCI Telecomm. Corp. v. Texas Utils. Elec. Co., 995 S.W.3d 647, 652 (Tex. 1999).