Opinion issued December 14, 2006 















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01180-CR

__________


BETTY BROCK BELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1020229






MEMORANDUM OPINION

 A jury found appellant, Betty Brock Bell, guilty of the state jail felony offense
of tampering with a governmental record (1) and assessed her punishment at
confinement for 18 months and a fine of $5,000. The trial court, in accordance with
the jury's recommendation, suspended the confinement portion of the sentence and
placed appellant on community supervision for a period of two years. In four issues,
appellant contends that (1) the trial court "abuse[d] its discretion in denying the
motion for new trial on the merits after a hearing which preserved errors that had
otherwise been waived"; (2) the trial court "abuse[d] its discretion in failing to quash
the indictment . . . based on a statutory 'confusion'"; (3) the "indictment as a matter
of law fail[ed] to charge an offense when the State failed to incorporate into the
indictment the necessary language and adoption by reference of the document the
State alleges was the corpus delicti of the offense itself"; and (4) the trial court should
have "referred a 'motion to recuse' filed by a purported 'public interest group' before
proceeding to trial." 

 We affirm. 

Factual and Procedural Background


 James Devore, Chief Deputy for the Harris County Tax Assessor Collector's
office, testified that his office provides disabled parking placards to qualified persons,
persons who desire such placards are required by law to complete an application, the
application is a governmental record, and the application contains a warning stating
that the falsification of any required statement on the application is a crime. Devore
received a complaint that appellant made a false statement on an application for a
disabled parking placard, and he referred the matter to the Harris County District
Attorney's office.

 Burnell Gistand, a Harris County Tax Assessor Collector office manager,
testified that on September 7, 2005, appellant went to Gistand's branch office, was
allowed to enter Gistand's personal office, and handed Gistand a renewal notice for
her vehicle tags, a blue parking placard, proof of insurance, a license, and a check. 
Appellant told Gistand she needed "to do her renewal." When Gistand asked
appellant, "is this for you," appellant said "yes." Gistand asked Ingram Mitchem, the
next available clerk, to process appellant's paperwork. 

 Gistand further testified that on the following morning, after Mitchem
approached Gistand regarding appellant's paperwork, Gistand reviewed appellant's
disabled parking placard application and saw that appellant's mother was identified
as the applicant. Because Gistand had previously attended the funeral of appellant's
mother, she realized that appellant had made a false statement on the application, and
she notified her supervisor. Gistand would not have processed the application for the
parking placards had she known appellant was renewing the placards for her deceased
mother. 

 Mitchem testified that Gistand asked her to assist appellant, and Gistand
handed Mitchem the paperwork that appellant had originally provided Gistand,
including a vehicle registration renewal, a check, a driver's license, insurance, and
the disabled parking placards. Mitchem went back to her office to process the
paperwork. Whem Mitchem discovered that appellant had not completed a renewal
application for the disabled parking placards, she provided appellant with an
application. Mitchem also referred to a computer database that contained information
concerning the "original paperwork" and discovered that the disabled parking
placards belonged to Mary Lou Brock, appellant's mother. When Mitchem asked
appellant whether the application was for her or her mother, appellant responded that
the application was for her mother. Thus, Mitchem believed that appellant was
renewing her mother's disabled parking placards, and she was unaware at the time
that appellant's mother was deceased. 

 The completed application, which was introduced into evidence during
Mitchem's testimony, showed that above the space for the "applicant's name,"
appellant wrote "Mary Lou Brock," and above the space for the applicant's signature,
appellant printed "Mary L. Brock." Appellant also wrote her initials "BBB" next to
the signature line on the application. Mitchem stated that she told appellant to put her
initials on the application because appellant was submitting the application on behalf
of her mother. Mitchem stated that appellant also wrote her mother's address on the
application. Mitchem processed the application and gave appellant two disabled
parking placards. However, after leaving work, Mitchem remembered seeing an
article at the office stating that appellant's mother was deceased, and Mitchem
notified Gistand the following morning. Mitchem stated that appellant deceived her
and that she would not have processed appellant's paperwork had she known that
appellant was not being truthful.

 Harris County District Attorney's Office Investigator Jim Britt testified that he
received the complaint that appellant had put false information on an application for
disabled parking placards. Attached to the complaint he received was a computer
printout of two disabled parking placards and an obituary for appellant's mother. 
During the course of Britt's investigation, he interviewed appellant, who initially told
Britt that the placards were for her, and then told Britt that the placards were for her
82-year-old aunt. Although appellant would not provide Britt with the name of her
aunt, Britt determined in his own investigation that appellant was likely referring to
an aunt who already had her own disabled parking placards. 

Waiver

 In her first issue, appellant argues that the trial court "abuse[d] its discretion
in denying the motion for new trial on the merits after a hearing which preserved
errors that had otherwise been waived." 

 At the outset, we note that appellant discusses her first three issues together in
no particular order and in a single paragraph that spans over seven pages. 
Specifically, in regard to her first issue, appellant directly mentions the trial court's
denial of her motion for new trial only once and provides scant record references and
citations to legal authority. However, construing the briefing rules liberally, (2) we
consider below appellant's first issue as an argument that the evidence is legally
insufficient to support her conviction. 

 Within her first issue, appellant also complains that, during trial, "the State was
allowed to again and again mention her judicial office" even though appellant was
"not charged with any act of official misconduct." However, to the extent this
complaint concerns the fact that the jury was informed that appellant was serving as
a justice of the peace at the time she committed the alleged offense, appellant has not
referred us to any place in the record where she asserted a timely objection to the
State's reference of this fact, and thus she has waived this complaint for our review. (3) 
See Tex. R. App. P. 33.1. 

 Appellant further complains within her first issue that she was "tried by proxy
for the offense of aggravated perjury" and the State used her grand jury testimony "to
reach around her right not to testify." However, appellant's only record reference to
support this claim concerns a question by the State to Britt regarding whether the
grand jury had discretion in indicting appellant. Appellant did not timely object to
this question, and has waived this complaint for our review. See id. 

 To the extent that appellant has attempted to raise any additional issues, we
hold that those issues have been inadequately briefed. (4) See Tex. R. App. P. 38.1(h).

Legal Sufficiency

 In regard to her legal sufficiency complaint, made within her first issue,
appellant asserts that the State failed to prove that she acted with the intent to defraud
another person and an "intent to harm anyone, much less a specific other person" and
that there was no evidence appellant "used, profited from, or allowed another to use
the permit in question."

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that the
trier of fact is the sole judge of the weight and credibility of the evidence. Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the evidence
and substitute our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999). We must resolve any inconsistencies in the
evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App.
2000).

 A person commits the offense of tampering with a governmental record if she
"knowingly makes a false entry in, or false alteration of, a governmental record." 
Tex. Pen. Code Ann. § 37.10(a) (Vernon Supp. 2006). An offense under this section
is a state jail felony if the actor's intent is to defraud or harm another. Id. §
37.10(c)(1).

 Here, Devore testified that persons who desire disabled parking placards are
required by law to complete an application, which qualifies as a governmental record. 
Gistand testified that when appellant handed her a disabled parking placard, along
with some other paperwork, she told Gistand that she needed "to do her renewal" and
appellant confirmed, in response to Gistand's question, that the paperwork was for
her. The following morning, Gistand noticed that appellant's mother, who was
deceased, was identified as the applicant for the parking placards. 

 Mitchem testified that she provided appellant with the application for the
disabled parking placards. Mitchem discovered in the computer records that the
placards appellant sought to renew were for appellant's mother, and appellant told
Mitchem that the application was for her mother. The application, which was
introduced into evidence, showed that appellant identified her mother as the
applicant, signed the application on her mother's behalf, and wrote her initials next
to her mother's name. Mitchem processed the application and gave appellant the
placards. However, after remembering that appellant's mother was deceased,
Mitchem notified Gistand. Mitchem stated that appellant deceived her, and both
Gistand and Mitchem testified that they would not have provided appellant with the
placards had they known she was obtaining them for her deceased mother. Britt
testified that during the course of his investigation, he interviewed appellant, and
appellant initially told Britt that the placards were for her and then stated that they
were for her 82-year-old aunt.

 The State presented sufficient evidence that appellant acted with the intent to
defraud both Mitchem and Gistand in renewing her deceased mother's disabled
parking placards. Furthermore, the State was not required to prove that appellant
"used, profited from, or allowed another to use the permit in question." Viewing all
the evidence in the light most favorable to the jury's verdict, we conclude that a
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Accordingly, we hold that the evidence is legally sufficient to
support appellant's conviction. 

 We overrule appellant's first issue.

Motion to Quash Indictment

 In her second issue, appellant argues that the trial court "abuse[d] its discretion
in failing to quash the indictment . . . based on a statutory 'confusion.'" In her motion
to quash, appellant asserted that she should have been charged under section 502.410
of the Texas Transportation Code. See Tex. Transp. Code Ann. § 502.410 (Vernon
Supp. 2006). In her brief, appellant argues that section 502.410 "amply covers the
alleged conduct" and that she should have been charged under this more specific
statute in accordance with the statutory rule of construction of in pari materia. (5)

 Here, appellant completed and submitted the application for the disabled
parking placards in accordance with section 681.003 of the Texas Transportation
Code. Id. § 681.003 (Vernon Supp. 2006). Chapter 502, under which appellant
contends she should have been prosecuted, is entitled "Registration of Vehicles" and
does not apply to applications for disabled parking placards. Id. § 502.001-502.412
(Vernon 1999 & Supp. 2006). Accordingly, false statements made in an application
for disabled parking placards are not subject to the criminal penalty provision in
section 502.410. (6) Id. § 502.410. Thus, as the State notes, although the application
for the disabled parking placards contains a reference to section 502.410 of the
Transportation Code, the reference is inaccurate, and section 502.410 does not
"control" under these facts. We hold that the trial court did not abuse its discretion
in denying appellant's motion to quash the indictment on the ground that she should
have been charged under section 502.410.

 We overrule appellant's second issue.

Exhibit Attached to Indictment

 In her third issue, appellant argues that the "indictment as a matter of law
fail[ed] to charge an offense when the State failed to incorporate into the indictment
the necessary language and adoption by reference of the document the State alleges
was the corpus delicti of the offense itself." 

 Although appellant does not discuss this issue in the argument section of her
brief, appellant, in her statement of facts, explains that "[a]t no time was Exhibit A
[the application] adopted and incorporated by reference into the indictment, but was
in fact, left as a stand-alone document which was a renewal of information that was
already on file in the Tax Assessor's Office, which was true, and to which the State
did not allege a falsity."

 Here, the indictment stated that appellant

 . . . . [U]nlawfully and knowingly [made] a false entry, namely,
the applicant name of Mary Lou Brock, in a governmental record,
namely, APPLICATION FOR DISABLED PERSON
IDENTIFICATION PLACARD AND/OR DISABLED PERSON
LICENSE PLATE, attached hereto as Exhibit A and the actions of the
[appellant] were done with the intent to defraud and harm another.

 

 The indictment in the clerk's record is followed immediately by a copy of the
application, which is marked Exhibit A, and this application appears identical to the
copy of the application that was introduced into evidence at trial. Moreover, at the
beginning of trial, the State read the indictment to the jury, including the reference to
the application attached as Exhibit A, and the State noted that Exhibit A was
contained on the "reverse page" of the indictment. As the State was reading the
indictment, appellant requested that the State simply refer to the application as the
"the Exhibit" and not read the entire application to the jury. Finally, appellant
necessarily referred to the application, which was attached as Exhibit A to the
indictment, in her motion to quash the indictment. Thus, we can see no defect or
irregularity in the State's attachment of Exhibit A to the indictment. 

 However, because appellant did not assert this objection in the trial court, we
hold that appellant has waived this complaint for our review. Tex. Code Crim.
Proc. Ann. art 1.14(b) (Vernon 2005) ("If the defendant does not object to a defect,
error, or irregularity of form or substance in an indictment or information before the
date on which the trial on the merits commences, he waives and forfeits the right to
object to the defect, error, or irregularity and he may not raise the objection on appeal
or in any other postconviction proceeding."). 

 We overrule appellant's third issue.

Motion to Recuse 

 In her fourth issue, appellant argues that the trial court should have "referred
a 'motion to recuse' filed by a purported 'public interest group' before proceeding to
trial." 

 The motion to recuse that appellant asserts should have been "referred" was
captioned "Emergency Motion to Intervene; Motion for Judge Mary Lou Keel's
Recusal; Motion to Vacate Motion for Criminal Contempt of Court." The motion was
filed by the "African-American Legal Defense Group," a self-described "public
interest organization that investigates and prosecutes government corruption and
abuse." The motion alleged that appellant was "being prosecuted by a vindictive and
racist judicial system," and was signed by "Jim Thompson, GYSGT, USMC, Chief
Executive Officer, Intervenor." The record does not indicate that Thompson is a
lawyer licensed in the State of Texas or is otherwise authorized to represent any party
in this case. (7) 

 "A 'criminal action,' such as the underlying proceeding, is prosecuted in the
name of the State of Texas against the accused and is conducted by some person
acting under the authority of the State, in accordance with its laws." In re Wingfield,
171 S.W.3d 374, 381 (Tex. App.--Tyler 2005, orig. proceeding) (citing Tex. Code
Crim. Proc. Ann. art. 3.02 (Vernon 2005)). The Code of Criminal Procedure makes
no provision for a third party to intervene in a "criminal action." Id. Furthermore,

Rule 18a of the Texas Rules of Civil Procedure, which applies to the recusal of a trial
judge in criminal cases (8) and sets out the prerequisites for a proper motion requesting
the recusal of the trial judge, specifically states that "[a]t least ten days before the date
set for trial or other hearing in any court other than the Supreme Court, the Court of
Criminal Appeals or the court of appeals, any party may file with the clerk of the
court a motion stating grounds why the judge before whom the case is pending should
not sit in the case." Tex. R. Civ. P. 18a(a) (emphasis added). Here, the motion to
recuse, which was not filed until the end of the punishment phase of trial, was filed
by a non-party to the proceedings below and appears to be authored by a person
unauthorized to practice law in the State of Texas. We hold that the trial court was
not required to refer this motion before proceeding with the punishment phase of the
trial. 

 We overrule appellant's fourth issue.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 37.10 (Vernon Supp. 2006).
2. See Tex. R. App. P. 38.9.
3. Our review of the record reveals that both the State and appellant, in their opening
statements, made references, without objection, to the fact that appellant was a justice
of the peace. Gistand also testified, without objection, that appellant was allowed into
her personal office as a courtesy to appellant as a public official. Moreover,
appellant, in her defense, presented evidence that Gistand reported appellant in
retaliation for appellant's firing of her sister, who worked as a clerk in appellant's
court. 
4. In her brief, appellant asserts that she "was impugned repeatedly over her judicial
decisions and acts of judicial discretion" and was "demonized for ruling against the
State." Although appellant does not provide this Court with specific record references
to the allegedly objectionable evidence, the State concedes that, during the
punishment phase of trial, it introduced into evidence "two unadjudicated extraneous
offenses demonstrating [appellant's] predilection for prevarication." It introduced
evidence that appellant tampered with another governmental record when she entered
a contempt order that contained false statements, and the State Commission on
Judicial Conduct issued a public admonition against appellant for this conduct. The
State also introduced testimony from two assistant district attorneys that appellant had
previously coerced guilty pleas from pro se defendants. The State asserts that
appellant has not clearly identified in the record a specific, timely objection to the
above testimony. However, we need not address the State's waiver argument on these
points because we agree with the State's initial argument that any specific complaints
concerning this testimony have been inadequately briefed. Tex. R. App. P. 38.1(h). 
5. The doctrine of in pari materia is one of statutory construction. See Burke v. State,
28 S.W.3d 545, 546 (Tex. Crim. App. 2000). Texas has codified the doctrine in
section 311.026 of the Government Code:


(a) If a general provision conflicts with a special or local provision,
the provisions shall be construed, if possible, so that effect is
given to both.


(b) If the conflict between the general provision and the special or
local provision is irreconcilable, the special or local provision
prevails as an exception to the general provision, unless the
general provision is the later enactment and the manifest intent
is that the general provision prevail.


Tex. Gov't Code Ann. § 311.026 (Vernon 2005); see also Burke, 28 S.W.3d at 547 n.2.
6. The criminal penalty provision in section 502.410 also does not apply to a statement
or application filed under section 504.201, which concerns license plates for vehicles
used by disabled persons. See Tex. Transp. Code Ann. §§ 502.410, 504.201
(Vernon Supp. 2006).
7. Appellant agrees that Thompson is not a lawyer and that the motion was "patently
frivolous." However, appellant contends that because the motion was not struck, "it
implanted reversible error in the record."
8. Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).