April 7, 2008

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0614

Re: Whether a proposed rule of the State Board for Educator Certification that relates to certification eligibility of persons with criminal convictions is "preempted" by section 21.060 of the Education Code (RQ-0634-GA)

Dear Commissioner Scott:

You explain that the rule promulgated by the State Board for Educator Certification (the "SBEC") at title19, section 249.16 of the Texas Administrative Code, pertains to the "eligibility of persons with criminal convictions" for educator certification.[1] You further explain that certain stakeholders assert that proposed amendments to the rule are precluded by a new statutory provision—section 21.060, Education Code—enacted by the Eightieth Legislature. Request Letter, *supra* note 1, at 1. Accordingly, you ask several questions regarding the proper construction of section 21.060. *Id.* at 2.

## I.    Statutory and Regulatory Background

We begin with an examination of the statutory and regulatory context in which your questions are posed.

### A.    State Board for Educator Certification

Chapter 21 of the Education Code creates the SBEC, which is responsible for regulating and overseeing "all aspects of the certification, continuing education, and standards of conduct of public school educators." TEX. EDUC. CODE ANN. § 21.031(a) (Vernon 2006). The SBEC implements its responsibilities, in part, through its rulemaking authority. *Id.* §§ 21.031(b), .041. State law provides that the SBEC shall propose rules that, among other things, regulate educators; specify requirements

---

[1]*See* Letter from Robert Scott, Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 8, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

for the issuance and renewal of educator certificates; and provide for disciplinary proceedings, including the suspension or revocation of an educator certificate.[2]  *Id.* § 21.041(b)(1), (4), (7).

## B.    Chapter 53, Occupations Code

As a licensing authority, the SBEC is subject to chapter 53 of the Occupations Code, which governs occupational licensing[3] in general.  Section 53.021 provides:

> (a)  A licensing authority may suspend or revoke a license, disqualify a person from receiving a license, or deny to a person the opportunity to take a licensing examination on the grounds that the person has been convicted of a felony or misdemeanor that directly relates to the duties and responsibilities of the licensed occupation.

> (b)  A license holder's license shall be revoked on the license holder's imprisonment following a felony conviction, felony community supervision revocation, revocation of parole, or revocation of mandatory supervision.

TEX. OCC. CODE ANN. § 53.021 (Vernon 2004); *see also id.* §§ 53.022–.023 (listing factors a licensing authority must consider in determining whether a criminal conviction directly relates to a particular occupation).  For purposes of chapter 53, a license "includes the whole or a part of a state agency permit, certificate, approval, registration, or similar form of permission required by law." TEX. GOV'T CODE ANN. § 2001.003(2) (Vernon 2000 & Supp. 2007); *see also* TEX. OCC. CODE ANN. § 53.001 (Vernon 2004) (incorporating definitions from Government Code chapter 2001).

Pursuant to provisions now found in chapter 53 of the Occupations Code, as well as certain provisions of the Education Code, the SBEC promulgated the rule at title 19, section 249.16 of the Texas Administrative Code.  *See* 19 TEX. ADMIN. CODE § 249.16 (2007) (State Board for Educator Certification, Eligibility of Persons with Criminal Convictions for a Certificate under Articles 6252-13c and 6252-13d, Revised Civil Statutes).  The following excerpt sets out relevant portions of the current rule with SBEC's proposed amendments indicated:

> (a)  Pursuant to <u>the Texas Occupations Code, Chapter 53</u> [~~Articles 6252-13c and 6252-13d, Revised Civil Statutes~~], and <u>the Texas Education Code (TEC), Chapter 22, Subchapter C,</u> [~~Chapter 22, Education Code~~] the <u>State Board for Educator Certification</u>

---

[2]SBEC's proposed rules must be approved by the State Board of Education. TEX. EDUC. CODE ANN. § 21.042 (Vernon 2006).

[3]"The definitions provided by chapter 2001 of the Government Code apply to" chapter 53, Occupations Code. TEX. OCC. CODE ANN. § 53.001 (Vernon 2004).  Section 2001.003 of the Government Code defines the term "licensing" to include "a state agency process relating to the granting, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license." TEX. GOV'T CODE ANN. § 2001.003(3) (Vernon 2000 & Supp. 2007).

[board] may suspend or revoke an existing valid certificate, deny an applicant a certificate, or bar a person from being assessed or examined for a certificate because of a person's conviction of a felony or misdemeanor if the crime directly relates to the duties and responsibilities of the education profession.

(b) Subsection (a) of this section applies to a crime that[:] indicates a threat to the health, safety, or welfare of a student or minor, parent of a student, fellow employee, or professional colleague; interferes with the orderly, efficient, or safe operation of a school district, campus, or activity; or indicates impaired ability or misrepresentation of qualifications to perform the functions of an educator. Crimes considered to relate directly to the duties and responsibilities of the education profession include, but are not limited to:

(1) crimes involving [the crime involves] moral turpitude;

(2) crimes involving [the crime involves] any form of sexual or physical abuse or neglect of a student or minor [or student] or other illegal conduct with a student or minor [or student];

(3) crimes involving any [the facts underlying the crime would support a felony conviction for] possession, transfer, sale, distribution, or conspiracy to possess, transfer, sell, or distribute any controlled substance defined in the Texas Health and Safety Code, Chapter 481 [, Health and Safety Code];

(4) crimes involving [the crime involves] school property or funds;

(5) crimes involving [the crime involves] any attempt by fraudulent or unauthorized means to obtain or alter any certificate or permit that would entitle any person to hold or obtain a position as an educator;

(6) crimes occurring [the crime occurs] wholly or in part on school property or at a school-sponsored activity; or

(7) felonies involving driving while intoxicated (DWI) or driving under the influence (DUI) of drugs or alcohol.

[(7) two or more crimes are committed within any 12-month period that involve public intoxication, operating a motor

~~vehicle while under the influence of alcohol, or disorderly conduct.~~]

Request Letter, *supra* note 1, Appendix B.

### C.    Section 21.060, Education Code

In addition to chapter 53 of the Occupations Code, the SBEC is subject to section 21.060, Education Code, newly enacted by the Eightieth Legislature. Act of May 27, 2007, 80th Leg., R.S., ch. 1372, § 5, 2007 Tex. Gen. Laws 4673, 4674 (codified at TEX. EDUC. CODE ANN. § 21.060). Section 21.060 provides:

> The [SBEC] may suspend or revoke the certificate or permit held by a person under this subchapter, impose other sanctions against the person, or refuse to issue a certificate or permit to a person under this subchapter if the person has been convicted of a felony or misdemeanor offense relating to the duties and responsibilities of the education profession, including:
>
> (1)  an offense involving moral turpitude;
>
> (2)  an offense involving a form of sexual or physical abuse of a minor or student or other illegal conduct in which the victim is a minor or student;
>
> (3)  a felony offense involving the possession, transfer, sale, or distribution of or conspiracy to possess, transfer, sell, or distribute a controlled substance, as defined by Chapter 481, Health and Safety Code, or by 21 U.S.C. Section 801 et seq.;
>
> (4)  an offense involving the illegal transfer, appropriation, or use of school district funds or other district property; or
>
> (5) an offense involving an attempt by fraudulent or unauthorized means to obtain or alter a professional certificate or license issued under this subchapter.

TEX. EDUC. CODE ANN. § 21.060 (Vernon Supp. 2007) (footnote omitted).

## II.    Analysis

With this background we consider your questions. You generally seek to understand "whether the proposed rule is a legitimate exercise of agency rule making authority" by asking specific questions regarding the proper construction of section 21.060:

whether TEC § 21.060 expressly preempts SBEC from applying or amending Rule § 249.16 to define the offenses it deems to be directly related to the education profession pursuant to Occupations Code § 53.025, in such a way that adds other offenses to those enumerated in § 21.060. In that connection, we request your opinion whether, in referring to SBEC's authority under this statute, the use of the word "may" rather than "shall" makes the application of this statute by SBEC discretionary, and whether the use of the word "including" creates any presumption that offenses not listed must not be deemed by SBEC rule to be offenses relating to the duties and responsibilities of the education profession.

Request Letter, *supra* note 1, at 2.[4]

An agency such as SBEC may adopt rules that are authorized by and consistent with its statutory authority. *R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992). Accordingly, a licensing agency "cannot enforce standards [on licensees] that are more burdensome than those of the controlling statute, even though they may be reasonable and be administered reasonably." Tex. Att'y Gen. Op. No. GA-0409 (2006) at 3 (citing *Bloom v. Tex. State Bd. of Exam'rs of Psychologists*, 492 S.W.2d 460, 462 (Tex. 1973)). In order to understand the bounds of SBEC's authority as to the proposed rule, you ask that we construe one of the controlling statutes.

The primary objective in construing a statute is to determine and give effect to the legislative intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). We look first to the plain and common meaning of the statute's words and if the statutory language is unambiguous, we interpret the statute according to its plain meaning. *Id.*

Section 21.060 of the Education Code sets out a list of criminal offenses, the conviction for which may result in the suspension or revocation of an educator's permit or certification, the imposition of other sanctions, or the refusal to issue a certificate or permit to a person. TEX. EDUC. CODE ANN. § 21.060 (Vernon Supp. 2007). The list of offenses is preceded by the word "including." *Id.* The Legislature has expressly provided us with its intent regarding use of the word "including." *Leach v. State*, 170 S.W.3d 669, 672–73 (Tex. App.—Fort Worth 2005, pet. ref'd). The Code Construction Act instructs that the term "including" is one "of enlargement and not of limitation . . . and use of the term[] does not create a presumption that components not expressed are excluded," unless the statute or context in which the term is used requires a different definition. TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 2005). Nothing in section 21.060, Education Code, indicates that a different definition than that in the Code Construction Act is intended. To conclude

---

[4]In your request, you describe section "21.060 as establishing an *independent* basis for sanctions against a certified educator." Request Letter, *supra* note 1, at 1 (emphasis added). In the proposed rule, the grounds for revoking or suspending a certificate under chapter 53 are described as being "cumulative" of the grounds and remedies provided by section 21.060. Request Letter, *supra* note 1, Appendix B. We do not understand you to ask about, and this opinion is not intended to address, those characterizations of the statutes.

otherwise would improperly limit and confine section 21.060 in a way that is not supported by the words of the statute. Thus, section 21.060's list of criminal offenses that relate to the duties and responsibilities of the education profession is not exclusive.

You ask that we consider whether the legislative history of section 21.060, Education Code, affects our construction of section 21.060. Request Letter, *supra* note 1, at 2. You explain that two classes of offenses included in the proposed rule—one relating to offenses occurring on school property or at school-sponsored activities and one relating to DWI and DUI offenses—were originally included but subsequently removed from section 21.060 during consideration by the Senate Education Committee. *Id.* Briefing received in our office contends that with respect to those classes of offenses "the legislative history [of section 21.060] establishes the Legislature's affirmative decision to remove and preempt SBEC's authority to include" those two classes of offenses "in any rule promulgated restricting licensure." Letter from Rachael M. Maresh, Staff Attorney, Association of Texas Professional Educators, to Honorable Greg Abbott, Attorney General of Texas, at 4 (Nov. 15, 2007) (on file with the Opinion Committee).[5]

The Code Construction Act provides that "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters" the legislative history. TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005). The Texas Supreme Court has directed, however, that "if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999). Thus, a court will not give effect to legislative history where it contradicts the unambiguous language of a statute. *See, e.g., Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 915 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Moore v. Treviño*, 94 S.W.3d 723, 726 (Tex. App.—San Antonio 2002, pet. denied); *Robinson v. Budget Rent-A-Car Sys., Inc.*, 51 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Here the unambiguous language of section 21.060 indicates the list of offenses in that section is nonexclusive. Applying the standard set out by Texas courts as to the proper use of legislative history, we do not believe a court would disregard the unambiguous language of section 21.060 in light of the legislative history. Our construction of section 21.060—that the list of offenses is nonexclusive in nature—is, therefore, not altered by the legislative history.

In briefing received by our office it is suggested that section 21.060, Education Code, and section 53.021, Occupations Code, are *in pari materia* and that under this rule of construction "the more specific TEC § 21.060 must control."[6] This aspect of the rule of *in pari materia* applies,

---

[5]Similar arguments were made by other briefers. *See* Letter from Julie D. Leahy, Staff Attorney, Texas Classroom Teachers Association, to Honorable Greg Abbott, Attorney General of Texas, at 4 (Nov. 15, 2007) (on file with the Opinion Committee) [hereinafter Leahy Brief]; Letter from Joey Moore, Manager of Legal Services, Texas State Teachers Association/National Education Association, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (Dec. 3, 2007) (on file with the Opinion Committee); Letter from Greg Johnson, Deats, Durst, Owen and Levy, P.L.L.C., on behalf of Texas Federation of Teachers, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (Dec. 4, 2007) (on file with the Opinion Committee).

[6]Leahy Brief, *supra* note 5, at 5.

however, only when the statutes at issue are in conflict. *See Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86–87 (Tex. 2006). Because we construe the list of offenses in section 21.060 as nonexclusive, we believe the statutes can be reconciled such that the SBEC's proposed rule may, pursuant to chapter 53, include offenses beyond those in section 21.060. Under the *in pari materia* rule, effect is to be given to all the provisions of each statute if they can stand together and have concurrent efficacy. *Burke v. State*, 28 S.W.3d 545, 546 (Tex. Crim. App. 2000); Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4. We believe that is achieved with our construction of the statute.

We conclude then that use of the word "including" in section 21.060 indicates that the list of offenses is nonexclusive. As a result, we do not construe section 21.060 to preclude the SBEC from applying or amending its rule at section 249.16 to include offenses it deems to be directly related to the education profession pursuant to Occupations Code section 53.025 and that add to the list of offenses enumerated in section 21.060.

We next consider your question about the meaning of the word "may" as used in section 21.060. Request Letter, *supra* note 1, at 2. Again, the Legislature has expressly provided us with its intent regarding use of the word "may." The Code Construction Act provides that unless the context in which the word "may" appears "necessarily requires a different construction or unless a different construction is expressly provided by statute" it is construed to "create[] discretionary authority or grant[] permission or a power." TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005). We construe the word "may" under section 21.060 to create discretionary authority to suspend or revoke a certificate or permit, impose other sanctions against a person, or refuse to issue a certificate or permit because nothing in the statute indicates otherwise. Had the Legislature intended to impose a duty on the SBEC to take action against a person upon conviction of the offenses listed in section 21.060, we believe it would have used the word "shall" as it did in other provisions of chapter 21. *See, e.g.*, TEX. EDUC. CODE ANN. § 21.058(b) (Vernon 2006) (providing that notwithstanding SBEC's general authority to propose rules for the suspension and revocation of educator certifications, the SBEC "shall" revoke the certificate of persons convicted of certain listed felony offenses,); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (providing that unless the context dictates otherwise, the word "shall" imposes a duty). In reliance on the Legislature's expressed intent regarding the meaning of the word "may," we conclude that SBEC's authority to take action against a person for an offense listed in section 21.060 is discretionary.

## S U M M A R Y

The list of criminal offenses that relate to the duties and responsibilities of the education profession in section 21.060, Education Code, is nonexclusive. As a result, we do not construe section 21.060 to preclude the State Board for Educator Certification (SBEC) from applying or amending its rules to include offenses it deems to be directly related to the education profession pursuant to section 53.025, Occupations Code, and that adds to the list of offenses enumerated in section 21.060. SBEC's authority to take action against a person for an offense listed in section 21.060 is discretionary.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee