NO. 07-08-0014-CR
                                                     NO. 07-08-0015-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2009
______________________________

MYCAL ANTOINE POOLE, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 52ND DISTRICT COURT OF CORYELL COUNTY;

NOS. 18335 & 18336; HON. PHILLIP ZEIGLER, PRESIDING
_______________________________

                                                     Memorandum Opinion
                                      ________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Mycal Antoine Poole appeals his convictions for three counts of fraudulent filing of
a financing statement and three counts of retaliation. In doing so, he claims 1) the trial
court erred in refusing to quash the indictments and require the State to elect which
charges to proceed on because fraudulent filing of a financing statement and retaliation
are in pari materia, 2) the evidence was legally insufficient to sustain his convictions
because the financing statements were incomplete and invalid on their face, 3) the
evidence was legally insufficient to sustain his convictions because there was no evidence 
that the victims suffered harm, and 4) the trial court erred in admitting the testimony of
William Kent regarding an extraneous offense. We disagree and affirm the judgments. 
          Background 
          Appellant filed two lawsuits in the United States District Court for the Western
District of Texas. Andrew Austin, as U.S. Magistrate, recommended that both be
dismissed as frivolous, and Judge Sam Sparks accepted the recommendations and
dismissed them. He also sanctioned appellant for abusing the legal system. Thereafter,
Austin and Sparks received notices of UCC (Uniform Commercial Code) statements having
been filed with the Secretary of State’s office and indicating that appellant had liens against
property of the two men. One of the notices alleged that Austin, who was described as a
“transmitting utility,” owed him $37,000,000.


 Another alleged that Sparks (who was also
described as a “transmitting utility”) owed appellant $4,000,000. Both judges later testified
that neither of them was a “transmitting utility” nor had dealings with appellant through
which they owed him money. 
          Issue 1 - Failure to Quash Indictments
          Appellant sought to quash the indictments in part or require the State to elect upon
which charges to try him by contending that he could not be tried for both fraudulent filing
of a financing statement and retaliation. Because the trial court refused to do so, it
supposedly erred. We disagree and overrule the point.
          The doctrine of in pari materia applies when one statute deals with a subject matter
in general terms and another deals with the same subject matter in a more specific way. 
When those statutes conflict, the more detailed normally controls. State v. Vasilas, 253
S.W.3d 268, 272 (Tex. Crim. App. 2008), citing 53 Tex.Jur.2d Statutes §186 (1964).
Additionally, the concept applies only if the two statutes have the same purpose or object. 
Burke v. State, 28 S.W.3d 545, 547 (Tex. Crim. App. 2000). Such a conflict also may arise
where the violation of one carries a lesser range of punishment than the other. Azeez v.
State, 248 S.W.3d 182, 193 (Tex. Crim. App. 2008). But, the happenstance that an act
may fall within the parameters of both offenses does not necessarily make the statutes in
pari materia. See Cullen v. State, 832 S.W.2d 788, 792 (Tex. App.–Austin 1992, pet. ref’d)
(stating that the fact that both the criminal mischief statute and the statute prohibiting
desecration of venerated objects could conceivably cover the same person and the same
property does require that they be considered in pari materia). 
          According to appellant, the subject statutes at bar are in pari materia and, because
the punishments differ, he should have been tried for retaliation only. We disagree.
          In determining whether the two statutes serve a common purpose, we look at such
indicia as whether 1) they are contained in the same legislative act, 2) they have the same
elements, 3) they involve different penalties, and 4) they were clearly written to achieve the
same objective. Burke v. State, 28 S.W.3d at 548. 
          Fraudulently filing a financing statement occurs when a person knowingly presents
for filing or causes to be presented for filing a financing statement that the person knows
is groundless or knows that it contains a material, false statement. Tex. Penal Code Ann.
§37.101(a)(2) & (3) (Vernon 2003). Such an offense is a Class A misdemeanor subject
to becoming a state jail felony if the person committed the offense with the intent to
defraud or harm another. Id. §37.101(b). On the other hand, the offense of retaliation
occurs when a person intentionally or knowingly harms or threatens to harm another by an
unlawful act in retaliation for or on account of the victim’s service or status as a public
servant. Id. §36.06(a)(1) (Vernon Supp. 2008). Normally, the offense constitutes a felony
of the third degree. Id. §36.06(c). 
          We initially note that the two provisions were not enacted at the same time. While
that relating to retaliation was enacted in 1973, that pertaining to fraudulent financing
statements became effective in 1997. Of further import is that the elements of each differ,
as do their respective punishments. And, according to comments, it was enacted to protect
people from harassment and intimidation by others. See Tex. Bus. & Com. Code Ann.
§9.5185 cmt. (Vernon 2002).


 On the other hand, the focus of the retaliation statute
appears to be on the need to curtail attacks against public servants related to their acts as
such servants. 
          Based on the foregoing circumstances and differences, we do not find the two
statutes to be in pari materia. See Segura v. State, 100 S.W.3d 652, 656 (Tex. App.–
Dallas 2003, no pet.) (holding that harassment and stalking are not in pari materia because
in stalking the victim’s fear is at issue and harassment is broader, the offenses involve
different penalties, the elements are different, and the legislative enactments weigh against
finding otherwise). Therefore, the trial court did not err in refusing to strike portions of the
indictments. 
          Issue 2 - Legal Sufficiency of Fraudulent Filing 
          In his second issue, appellant challenges the legal sufficiency of the evidence to
show that he filed fraudulent financing statements because those statements were
purportedly invalid on their faces. We overrule the issue. 
          Appellant cites us to nothing in §37.101 of the Penal Code that requires the
statements to be valid or appear valid to a “knowledgeable person.”


 Nor did our own
review of the provision disclose the existence of such elements. Rather, the State need
only prove that the accused knowingly filed a financing statement that he knew to be false,
forged, or groundless. 
          Issues 3 and 4 - Harm
          In his third and fourth issues, appellant claims the evidence is legally insufficient to
support his convictions because nothing illustrated that either Sparks or Austin suffered
harm. We overrule the issues.
          With regard to the retaliation convictions, both the pertinent statute and jury
instructions described the mens rea requirement as intentionally or knowingly harms “or”
threatens to harm. Tex. Penal Code Ann. §36.06(a) (Vernon Supp. 2008). Thus, the jury
did not have to find that either victim was actually harmed. It could have simply found that
appellant intentionally or knowingly threatened to harm them. And, appellant fails to
suggest that the evidence was legally insufficient to prove he so threatened the judges. 
So, his present complaint has no effect upon the retaliation convictions. 
          As for the fraudulent filing convictions, the record contains evidence illustrating that
Sparks incurred some monetary expense (though minimal) in effort to ameliorate
appellant’s illegal conduct. So too is there evidence that appellant’s conduct also caused
both judges to expend time from work and suffer anguish and irritation. The Penal Code
does not require that the harm contemplated be pecuniary or physical; aggravation and the
loss of time has been held to cause sufficient disadvantage to constitute harm for purposes
of the crimes. Halay v. State, No. 03-07-0327-CR, 2008 Tex. App. Lexis 9711 at *20-21
(Tex. App. - Austin December 31, 2008, no pet.) (not designated for publication); White v.
State, No. 14-05-0454-CR, 2006 Tex. App. Lexis 8396 at *6 (Tex. App.–Houston [14th
Dist.] September 28, 2006, pet. ref’d) (not designated for publication). 
          Issue 5 - Extraneous Offense
          In his final issue, appellant complains of the trial court’s admission into evidence of
the testimony of William Kent, a convicted felon. The evidence purportedly was
inadmissible under Texas Rules of Evidence 404(b) and 403. We overrule the issue.
          The testimony in question involved Kent describing how appellant offered to assist
Kent’s girlfriend and her mother to avoid a foreclosure proceeding. The assistance would
come in the nature of transferring the mortgage to Sparks by filing a copyright lien against
that judge. Kent also related how appellant represented that he had done this before as
a means of retaliating against Sparks and Austin because of their rulings against him.
          Evidence of an extraneous offense is admissible under Rule 404(b) as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident. Tex. R. Evid. 404(b). The trial court admitted the testimony in question as
evidence of motive or intent. And, given its propensity to illustrate that appellant not only
intended to harm or defraud his victims by filing the statements but also acted in retaliation
against Sparks and Austin for their service as public servants, we conclude that the trial
court did not abuse its discretion in overruling the ground. This is especially so since
appellant previously had denied that he sought to retaliate against Sparks. 
          Nor was the decision to overrule appellant’s 403 objection an instance of abused
discretion. This is so because the evidence both illustrated appellant’s motive and
contradicted his testimony suggesting that he was not acting out of retaliation. We further
note that presenting the evidence did not take up an inordinate amount of time, and the
jury was instructed that it could only be considered for purposes of motive and intent. 
Consequently, we cannot say that its probative value was substantially outweighed by its
alleged likelihood to unduly prejudice appellant or confuse the jurors.  
          In sum, we overrule all of appellant’s issues and affirm the judgments. 
 
                                                                           Per Curiam 

Do not publish.