Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-09-00197-CR

The **STATE** of Texas,
Appellant

v.

Deborah Lee **SMITH**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. DC4762
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 4, 2009

REVERSED AND REMANDED

The State appeals the trial court's order granting a motion to quash filed by appellee, Deborah Lee Smith. The motion to quash asserted that Smith should have been charged under § 38.02 of the Texas Penal Code ("Code") with Failure to Identify, a misdemeanor, as opposed to being charged under § 32.51 of the Code with Fraudulent Use or Possession of Identifying Information, a state jail felony. Because we conclude that § 32.51 and § 38.02 are not *in pari materia*, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

## BACKGROUND

In the indictment, Smith was charged with "possess[ing] and us[ing] identifying information, to wit, the name and date of birth of Luceria L. Wilferth, without the consent of Luceria L. Wilferth, and with intent to harm and defraud Luceria L. Wilferth." In her motion to quash, Smith asserted that she was indicted after she gave her sister-in-law's name, Luceria Wilferth, in response to a request for identification from a police officer. In its brief, the State contends that Smith admitted that she provided Wilferth's name to a law enforcement officer.

In her motion to quash, Smith asserted that she should not have been charged with the offense of Fraudulent Use or Possession of Identifying Information. Smith argued that the Fraudulent Use or Possession of Identifying Information offense contained in § 32.51 of the Code is a general provision, while the offense of Failure to Identify contained in § 38.02 is a more specific provision. As a result, Smith asserted that she could not be charged with the state jail felony under § 32.51, but, instead, she had to be charged with the misdemeanor under § 38.02. The trial court granted Smith's motion to quash, and the State appealed.

## DISCUSSION

The doctrine or rule of *in pari materia* is a principle of statutory interpretation. *Burke v. State*, 28 S.W.3d 545, 546 (Tex. Crim. App. 2000) (quoting *Mills v. State*, 722 S.W.2d 411, 413-14 (Tex. Crim. App. 1986)); *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). Under the doctrine, statutes that deal with the same general subject, have the same general purpose, or relate to the same person, thing, or class are considered to be *in pari materia* even if they contain no reference to one another or were passed at different times or in different sessions of the legislature. *Cheney*, 755 S.W.2d at 126 (quoting 53 Tex. Jur. 2d *Statutes* § 186); *State v. Wiesman*, 269 S.W.3d

769, 774 (Tex. App.—Austin 2008, no pet.). "The rule applies with particular force where both a 'general' penal statute and a 'special' penal statute more specifically proscribing the same particular acts are involved." *Cheney*, 755 S.W.2d at 126. Statutes that are *in pari materia* are construed together and, if possible, harmonized; however, the special or more specific statute governs the general statute in the event of any conflict.[1] *Cheney*, 755 S.W.2d at 126-27; *Wiesman*, 269 S.W.3d at 774. A defendant has a due process and due course of law right to be prosecuted under a special statute that is *in pari materia* with a broader statute when the statutes conflict, as they do when the special statute provides for a lesser punishment. *Wiesman*, 269 S.W.3d at 774; *see also Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008); *Burke*, 28 S.W.3d at 547 n.3.

Similarity of purpose or object is the most important factor in assessing whether two statutes are *in pari materia*. *Burke*, 28 S.W.3d at 547; *Wiesman*, 269 S.W.3d at 774. The two provisions must have been enacted with the same purpose in mind in order for the doctrine to apply. *Burke*, 28 S.W.3d at 547. They must be sufficiently related to justify interpreting one in light of the other. *Id.*

Section 32.51 is contained in Chapter 32 of the Code entitled "Fraud," and includes offenses such as forgery, credit card or debit card abuse, and issuance of a bad check. TEX. PEN. CODE ANN. §§ 32.01, et seq. (Vernon 2003 & Supp. 2008). Under § 32.51, a person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent. TEX. PEN. CODE ANN. § 32.51(b) (Vernon Supp. 2008). The offense defined by § 32.51 is essentially identity theft. *Ford v. State*, 282 S.W.3d 256, 264 (Tex. App.—Austin 2009, no pet.). Thus, the purpose of the statute

---

[1] This rule is codified in the Code Construction Act. TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005).

is to protect a person from having his or her identifying information fraudulently used by another person.

Section 38.02 is contained in Chapter 38 of the Code entitled "Obstructing Governmental Operation," and includes offenses such as resisting arrest, evading arrest or detention, escape, interference with public duties, etc. TEX. PEN. CODE ANN. §§ 38.01, et. seq. (Vernon 2003 & Supp. 2008). Under § 38.02, a person commits an offense if the person gives a false or fictitious name to a peace officer who has lawfully arrested or lawfully detained the person or who has requested the information from the person because the peace officer has good cause to believe the person is a witness to a criminal offense. TEX. PEN. CODE ANN. § 38.02(b) (Vernon Supp. 2008). The purpose of requiring a person who is lawfully arrested or detained or who is a witness to a criminal offense to provide his or her correct name is to assist in the peace officer's investigation.

Although both § 32.51 and § 38.02 share an identical element - the provision of a false name - an offense is not committed under § 32.51 unless the person also provides a social security number, date of birth, or government-issued identification number in addition to the false name. *See* TEX. PEN. CODE ANN. § 32.51(a)(1) (Vernon Supp. 2008) (defining "identifying information"). Similarly, an offense is not committed under § 38.02 unless the person who provides the false name is lawfully arrested or detained or a witness to a criminal offense. TEX. PEN. CODE ANN. § 38.02(b) (Vernon Supp. 2008). The two sections, therefore, do not apply to the same class of people, were designed to serve different purposes, appear in different chapters of the Code, and apparently were not intended to be considered together. *Burke*, 28 S.W.3d at 548. Because the two statutes are not *in pari materia*, it follows that one provision could not be considered controlling as to the other. *Id*.

at 549.  Thus, the State had discretion as to which offense to prosecute, and the trial court erred in granting the motion to quash.  *Id*.

**CONCLUSION**

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice

DO NOT PUBLISH