NO. 07-08-0014-CR
NO. 07-08-0015-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2009
_____

MYCAL ANTOINE POOLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 52ND DISTRICT COURT OF CORYELL COUNTY;

NOS. 18335 & 18336; HON. PHILLIP ZEIGLER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mycal Antoine Poole appeals his convictions for three counts of fraudulent filing of a financing statement and three counts of retaliation. In doing so, he claims 1) the trial court erred in refusing to quash the indictments and require the State to elect which charges to proceed on because fraudulent filing of a financing statement and retaliation are *in pari materia*, 2) the evidence was legally insufficient to sustain his convictions because the financing statements were incomplete and invalid on their face, 3) the

evidence was legally insufficient to sustain his convictions because there was no evidence that the victims suffered harm, and 4) the trial court erred in admitting the testimony of William Kent regarding an extraneous offense. We disagree and affirm the judgments.

*Background*

Appellant filed two lawsuits in the United States District Court for the Western District of Texas. Andrew Austin, as U.S. Magistrate, recommended that both be dismissed as frivolous, and Judge Sam Sparks accepted the recommendations and dismissed them. He also sanctioned appellant for abusing the legal system. Thereafter, Austin and Sparks received notices of UCC (Uniform Commercial Code) statements having been filed with the Secretary of State's office and indicating that appellant had liens against property of the two men. One of the notices alleged that Austin, who was described as a "transmitting utility," owed him $37,000,000.[1] Another alleged that Sparks (who was also described as a "transmitting utility") owed appellant $4,000,000. Both judges later testified that neither of them was a "transmitting utility" nor had dealings with appellant through which they owed him money.

*Issue 1 - Failure to Quash Indictments*

Appellant sought to quash the indictments in part or require the State to elect upon which charges to try him by contending that he could not be tried for both fraudulent filing of a financing statement and retaliation. Because the trial court refused to do so, it supposedly erred. We disagree and overrule the point.

---

[1]The evidence at trial was that a transmitting utility was a person primarily engaged in the business of 1) operating a railroad, subway, street railway or trolley bus, 2) transmitting communications electronically, electromagnetically, or by light, 3) transmitting goods by pipeline or sewer, or 4) transmitting or producing and transmitting electricity, steam, gas or water. Notices of liens against transmitting utilities do not automatically expire in five years as do other lien notices.

The doctrine of *in pari materia* applies when one statute deals with a subject matter in general terms and another deals with the same subject matter in a more specific way. When those statutes conflict, the more detailed normally controls. *State v. Vasilas,* 253 S.W.3d 268, 272 (Tex. Crim. App. 2008), *citing* 53 TEX.JUR.2D *Statutes* §186 (1964). Additionally, the concept applies only if the two statutes have the same purpose or object. *Burke v. State,* 28 S.W.3d 545, 547 (Tex. Crim. App. 2000). Such a conflict also may arise where the violation of one carries a lesser range of punishment than the other. *Azeez v. State,* 248 S.W.3d 182, 193 (Tex. Crim. App. 2008). But, the happenstance that an act may fall within the parameters of both offenses does not necessarily make the statutes *in pari materia. See Cullen v. State,* 832 S.W.2d 788, 792 (Tex. App.–Austin 1992, pet. ref'd) (stating that the fact that both the criminal mischief statute and the statute prohibiting desecration of venerated objects could conceivably cover the same person and the same property does require that they be considered *in pari materia*).

According to appellant, the subject statutes at bar are *in pari materia* and, because the punishments differ, he should have been tried for retaliation only. We disagree.

In determining whether the two statutes serve a common purpose, we look at such indicia as whether 1) they are contained in the same legislative act, 2) they have the same elements, 3) they involve different penalties, and 4) they were clearly written to achieve the same objective. *Burke v. State,* 28 S.W.3d at 548.

Fraudulently filing a financing statement occurs when a person knowingly presents for filing or causes to be presented for filing a financing statement that the person knows is groundless or knows that it contains a material, false statement. TEX. PENAL CODE ANN.

3

§37.101(a)(2) & (3) (Vernon 2003).  Such an offense is a Class A misdemeanor subject to becoming a state jail felony if the person committed the offense with the intent to defraud or harm another.  *Id.* §37.101(b).  On the other hand, the offense of retaliation occurs when a person intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the victim's service or status as a public servant.  *Id.* §36.06(a)(1) (Vernon Supp. 2008).  Normally, the offense constitutes a felony of the third degree.  *Id.* §36.06(c).

We initially note that the two provisions were not enacted at the same time.  While that relating to retaliation was enacted in 1973, that pertaining to fraudulent financing statements became effective in 1997.  Of further import is that the elements of each differ, as do their respective punishments.  And, according to comments, it was enacted to protect people from harassment and intimidation by others.  *See* TEX. BUS. & COM. CODE ANN. §9.5185 cmt. (Vernon 2002).[2]  On the other hand, the focus of the retaliation statute appears to be on the need to curtail attacks against public servants related to their acts as such servants.

Based on the foregoing circumstances and differences, we do not find the two statutes to be *in pari materia*.  *See Segura v. State,* 100 S.W.3d 652, 656 (Tex. App.– Dallas 2003, no pet.) (holding that harassment and stalking are not *in pari materia* because in stalking the victim's fear is at issue and harassment is broader, the offenses involve different penalties, the elements are different, and the legislative enactments weigh against

---

[2]Section 9.5185(c) of the Business and Commerce Code states that a person may be prosecuted for fraudulent filing of a financing statement under §37.101 of the Penal Code.  TEX. BUS. & COM. CODE ANN. §9.5185(c) (Vernon 2002).

finding otherwise). Therefore, the trial court did not err in refusing to strike portions of the indictments.

*Issue 2 - Legal Sufficiency of Fraudulent Filing*

In his second issue, appellant challenges the legal sufficiency of the evidence to show that he filed fraudulent financing statements because those statements were purportedly invalid on their faces. We overrule the issue.

Appellant cites us to nothing in §37.101 of the Penal Code that requires the statements to be valid or appear valid to a "knowledgeable person."[3] Nor did our own review of the provision disclose the existence of such elements. Rather, the State need only prove that the accused knowingly filed a financing statement that he knew to be false, forged, or groundless.

*Issues 3 and 4 - Harm*

In his third and fourth issues, appellant claims the evidence is legally insufficient to support his convictions because nothing illustrated that either Sparks or Austin suffered harm. We overrule the issues.

With regard to the retaliation convictions, both the pertinent statute and jury instructions described the *mens rea* requirement as intentionally or knowingly harms "or" threatens to harm. TEX. PENAL CODE ANN. §36.06(a) (Vernon Supp. 2008). Thus, the jury did not have to find that either victim was actually harmed. It could have simply found that appellant intentionally or knowingly threatened to harm them. And, appellant fails to

---

[3]Appellant does cite §9.502(a) of the Texas Business and Commerce Code as support for his argument. However, that statute discloses that a financing statement is "sufficient" if it contains the specified information. TEX. BUS. & COM. CODE ANN. §9.502(a) (Vernon 2002). In other words, the document must contain the requisite information to satisfy the criteria for creating a lien. The Penal Code says nothing about the need for a lien to arise before §37.101 applies.

suggest that the evidence was legally insufficient to prove he so threatened the judges. So, his present complaint has no effect upon the retaliation convictions.

As for the fraudulent filing convictions, the record contains evidence illustrating that Sparks incurred some monetary expense (though minimal) in effort to ameliorate appellant's illegal conduct. So too is there evidence that appellant's conduct also caused both judges to expend time from work and suffer anguish and irritation. The Penal Code does not require that the harm contemplated be pecuniary or physical; aggravation and the loss of time has been held to cause sufficient disadvantage to constitute harm for purposes of the crimes. *Halay v. State,* No. 03-07-0327-CR, 2008 Tex. App. LEXIS 9711 at *20-21 (Tex. App. - Austin December 31, 2008, no pet.) (not designated for publication); *White v. State,* No. 14-05-0454-CR, 2006 Tex. App. LEXIS 8396 at *6 (Tex. App.–Houston [14th Dist.] September 28, 2006, pet. ref'd) (not designated for publication).

*Issue 5 - Extraneous Offense*

In his final issue, appellant complains of the trial court's admission into evidence of the testimony of William Kent, a convicted felon. The evidence purportedly was inadmissible under Texas Rules of Evidence 404(b) and 403. We overrule the issue.

The testimony in question involved Kent describing how appellant offered to assist Kent's girlfriend and her mother to avoid a foreclosure proceeding. The assistance would come in the nature of transferring the mortgage to Sparks by filing a copyright lien against that judge. Kent also related how appellant represented that he had done this before as a means of retaliating against Sparks and Austin because of their rulings against him.

6

Evidence of an extraneous offense is admissible under Rule 404(b) as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  TEX. R. EVID. 404(b).  The trial court admitted the testimony in question as evidence of motive or intent.  And, given its propensity to illustrate that appellant not only intended to harm or defraud his victims by filing the statements but also acted in retaliation against Sparks and Austin for their service as public servants, we conclude that the trial court did not abuse its discretion in overruling the ground.  This is especially so since appellant previously had denied that he sought to retaliate against Sparks.

Nor was the decision to overrule appellant's 403 objection an instance of abused discretion.  This is so because the evidence both illustrated appellant's motive and contradicted his testimony suggesting that he was not acting out of retaliation.  We further note that presenting the evidence did not take up an inordinate amount of time, and the jury was instructed that it could only be considered for purposes of motive and intent.  Consequently, we cannot say that its probative value was substantially outweighed by its alleged likelihood to unduly prejudice appellant or confuse the jurors.

In sum, we overrule all of appellant's issues and affirm the judgments.


Per Curiam

Do not publish.